Anthony M. Nicastro
KNIGHT NICASTRO MACKAY, LLC
27 Shiloh Road, Suite 10
Billings, Montana 59106
Telephone: (406) 545-2031
Facsimile: (816) 396-6233
nicastro@knightnicastro.com
*Attorney for Plaintiff*

FILED
6/28/2024
Clerk, U.S. District Court
District of Montana
Billings Division

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| **BNSF Railway Company**, | Cause No. CV-24-81-BLG-SPW-TJC |
| Plaintiff, | |
| v. | **COMPLAINT & JURY DEMAND** |
| **City of Glendive** | |
| Defendant. | |

COMES NOW the Plaintiff, BNSF Railway Company (hereinafter "BNSF"), and for its causes of action against Defendant and states as follows:

## PARTIES

1. Plaintiff BNSF Railway Company is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Texas.

2. Defendant is the City of Glendive in Montana.

## JURISDICTION

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this action occurred in Dawson County, Montana.

## STATEMENT OF FACTS

5. Plaintiff operates in the State of Montana as a common carrier with business operations in Glendive, Montana which include conducting business operations in several buildings that are located within the city limits of Glendive, Montana. These buildings are located near East Valentine Street. Plaintiff's buildings are occupied by employees and visitors throughout the normal railroad workdays.

6. The building that is the subject of this *Complaint* is Plaintiff's Work Equipment Building located 103 N. Sargent Ave., Glendive, MT 59330.

7. For several decades prior to February 16, 2024, Plaintiff's Work Equipment Building in Glendive had access to water and sewer services provided by Defendant.

8. Plaintiff paid all its bills for access to Defendant's water and sewer services.

9. Without any warning or notice, on or about February 16, 2024, Defendant filled a manhole at East Valentine Street with concrete completely shutting off all sewer services to Plaintiff's Work Equipment Building with no viable alternative public sewage option.

10. After realizing that the city had closed the manhole, Plaintiff immediately shut off water to the Work Equipment Building so that sewer would not back up into the building basement.

11. Plaintiff has approximately 15 employees who work in this building and since February 16, 2024, they have been working in this building without access to permanent sanitary restrooms and running water.

12. Plaintiff immediately requested a meeting with representatives of the Defendant and attempted to identify a pathway for sewer access be restored. Defendant has refused.

13. Plaintiff's employees working in this building have been without running water and sewer for over four months.

14. To mitigate the harm, Plaintiff rented portable toilets for the Work Equipment Building; however, this is not a viable long-term solution.

15. Rental and servicing of the portable toilets due to Defendant's conduct has cost Plaintiff approximately $5,000 per month from February to the present.

16. Additionally, in May of 2024, the city or its agents crushed the BNSF sewer pipeline leading to the city manhole resulting in a release of sewage to the ground.

17. Following the initial damage to the piping, the city or its agents cut or severed the damaged pipe resulting in a further release of sewage to the ground.

18. Once notified by the city of damage to the piping, Plaintiff dispatched contractors to remove any remaining liquid and/or sludges from the piping on Plaintiff's property and capped the pipe.

19. Plaintiff has incurred damages exceeding $90,000 in responding to the City's or its agent's damage to the sewer piping.

## COUNT 1:
## Violation of City Code and Negligence

20. Pursuant Glendive City Code Section 10-2-2, Plaintiff's Work Equipment Building is required to have installed suitable toilet facilities that are connected directly with the proper public sewer. Plaintiff was in full compliance with this code section prior to February 16, 2024. Only after Defendant poured cement down the manhole was Plaintiff's sewer access severed.

21. Defendant is required under this code section to provide access to a sanitary sewer for Plaintiff's building.

4

22. Defendant breached this duty by filling the East Valentine manhole with concrete thereby completely shutting off Plaintiff's access to sewer services to Plaintiff's Work Equipment Building. Defendant also breached its duty of care in May when it crushed Plaintiff's sewer line causing a release of sewer-related material to the ground.

23. Additionally, Code Section 10-2-7 specifies the procedures and penalties for any individual suspected of violating the Code sections regarding sewers and drains. Defendant, if it reasonably believed that Plaintiff was in violation of the City Code, was required to serve Plaintiff with written notice stating the nature of the violation and provide for a reasonable amount of time for a satisfactory correction. Defendant failed to comply with this requirement. Additionally, the City Code section does not permit Defendant to completely shut off Plaintiff's access to the city sewer system.

24. As a result of Defendant's breach, Plaintiff was not afforded the protections provided by the Glendive City Code. Plaintiff's employees have been and continue to work in in a facility without running water or functioning toilets. Plaintiff has incurred monetary damages in the form of portable toilet rentals in the short-term.

25. As a result of Defendant's negligence, Plaintiff has already incurred more than $90,000 in damages resulting from city's negligence in crushing BNSF's sewer pipe.

## COUNT II:
## DECLARATORY JUDGMENT

26. Additionally, Plaintiff requests relief under Montana's Uniform Declaratory Judgment Act, §27-8-102, MCA. Plaintiff is entitled to have access to the city sewer system as stated in the Glendive City Code.

27. Defendant directly violated its own City Codes by withdrawing Plaintiff's access to the city sewer system.

28. Plaintiff requests that this Court enter a judgment and ruling that the City of Glendive, pursuant to its city code is required to provide Plaintiff with access to the city sewer system.

## COUNT III:
## DUE PROCESS VIOLATION

29. The Glendive City Code specifies a process by which the City is required to act in the event it has concerns regarding an entity's use of its access to the city sewer system.

30. Defendant failed to follow these procedures if it believed that Plaintiff was violating the city code section.

31. Defendant's failure to follow its own procedures deprived the Plaintiff of its due process rights and Defendant deprived Plaintiff of its lawful access to the city sewer system without due process and in direct violation of its own rules and procedures.

32. Defendant is entitled to have access to the city sewer system restored immediately.

## RELIEF REQUESTED

33. Plaintiff requests an immediate hearing and order directing the Defendant to restore access to city sewer services pursuant to the Glendive Code Sections at no additional cost to the Plaintiff.

34. Plaintiff requests a declaration that the Glendive City Code requires Plaintiff to have access to the city sewer system.

35. Plaintiff requests a ruling that the Defendant violated Plaintiff's due process rights and is therefore estopped from claim that its actions were justified despite its failure to follow due process.

36. Plaintiff requests all damages allowed by Montana law for Plaintiff's *Complaint* including, but not limited to, costs incurred in attempting to mitigate the harm caused by Defendant's actions and for the damage incurred by the Defendant when it damaged Plaintiff's sewer line in May of 2024.

37. For attorney fees and costs in pursuing this action.

38. For any other relief the Court deems proper.

## JURY DEMAND

COMES NOW the Plaintiff, BNSF, and hereby demands a jury trial.

DATED this 28th day of July, 2024.

                                              KNIGHT NICASTRO MACKAY LLC


                                              By: /s/ Anthony M. Nicastro
                                                  Anthony M. Nicastro
                                                  *Attorney for Plaintiff BNSF*