# EXHIBIT F

Adam Warren
Keturah Shaules
MOULTON BELLINGHAM PC
27 North 27th Street, Suite 1900
P.O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Adam.Warren@moultonbellingham.com
Keturah.Shaules@moultonbellingham.com

   Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BNSF RAILWAY COMPANY,<br><br>                    Plaintiff,<br><br>-vs-<br><br>CITY OF GLENDIVE,<br><br>                    Defendant. | Cause No. CV 24-81-BLG-SPW-TJC<br><br>**DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION** |

   For its Responses to Plaintiff's First Request for Admission, Defendant City of Glendive ("City") responds as follows:

   **REQUEST FOR ADMISSION 1:** Admit that on or about December 22, 2023, Defendant collected a sample of material from the City manhole at East Valentine St. and South Pearson Avenue.

   **RESPONSE:** Admit.

**REQUEST FOR ADMISSION 2:** Admit that on or about February 16, 2024, Defendant collected a sample of material from the City manhole at East Valentine St. and South Pearson Avenue.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION 3:** Admit that Defendant did not conduct testing of any kind of the contents found inside the manhole at South Pearson Avenue and East Valentine Street at any time from 2022 to the present.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION 4:** Admit that Defendant did not conduct testing or analysis of alleged material in or from the manhole located at the intersection of South Pearson Avenue and East Valentine Street at any time from 2020 to the time Defendant filled the manhole with cement.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION 5:** Other than as identified in response to RFA 1 or 2, Admit Defendant did not collect any physical evidence regarding the alleged material in the manhole located at the intersection of South Pearson Avenue and East Valentine Street before filling it with cement.

2

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION 6:** Admit Defendant did not preserve any physical evidence regarding the alleged material in the manhole located at the intersection of South Pearson Avenue and East Valentine Street before filling it with cement.

**RESPONSE:** Defendant admits only the physical evidence collected and taken from the manhole destroyed the container it was held in, making preservation impossible. Defendant denies the remaining allegations contained in this Request for Admission.

**REQUEST FOR ADMISSION 7:** Admit Plaintiff was not given notice of Defendants alleged December 2023 or February 2024 alleged observations at the manhole located at the intersection of South Pearson Avenue and East Valentine Street before the Defendant closed it with cement.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION 8:** Admit Defendant did not seek or obtain analytical results of any kind for or from the alleged material in the manhole located at the intersection of South Pearson Avenue and East Valentine Street, prior to May 2024.

**RESPONSE:** Admit.

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

**REQUEST FOR ADMISSION 9:** By filling the manhole located at the intersection of South Pearson Avenue and East Valentine Street with cement, Defendant intended to physically sever Plaintiff's connection to sanitary sewer service at this location.

**RESPONSE:** Defendant admits only that it filled the manhole at the intersection of South Pearson Avenue and East Valentine Street with cement in order to stop the flow and spread of diesel fuel flowing from BNSF property through the manhole. Defendant denies the remaining allegations contained in this Request for Admission.

**REQUEST FOR ADMISSION 10:** Admit that Defendant disposed, destroyed or otherwise did not preserve the December 2023 and February 2024 samples collected from the manhole at South Pearson Avenue and East Valentine Street.

**RESPONSE:** Defendant admits only the physical evidence collected and taken from the manhole destroyed the container it was held in, making preservation impossible. Defendant denies the remaining allegations contained in this Request for Admission.

**REQUEST FOR ADMISSION 11:** Admit Defendant does not have any written criteria defining what constitutes an "emergency action" that allows it to forgo any Notice of Violation in compliance with Section 10-2A-8-1 (now Section 53.085) of the City Code.

**RESPONSE:** Defendant objects to this request on the basis it calls for a legal conclusion. Without waiving the foregoing objection, Defendant Admits the City Code speaks for itself. Defendant denies the remaining allegations contained in this Request for Admission.

**REQUEST FOR ADMISSION 12:** Admit that in December of 2023, Defendant installed hydro cement in the pipe leading into the manhole located at East Valentine St. and South Pearson Avenue so that Plaintiff's connection to the sanitary sewer system at this location would be suspended.

**RESPONSE:** Defendant admits only that Defendant installed hydro cement in the pipe to stop the flow of diesel fuel from BNSF property through the manhole in question. Defendant denies the remaining allegations contained in this Request for Admission.

**REQUEST FOR ADMISSION 13:** Admit that prior to installing the hydro cement referenced in Request for Admission 12, Defendant did not make a written determination that Plaintiff violated any provision of the City Code.

**RESPONSE:** Defendant Admits that prior to installing hydro cement as referenced in response to Request for Admission 12, Defendant did not make any written determinations. Defendant denies the remaining allegations contained in this Request for Admission.

**REQUEST FOR ADMISSION 14:** Admit that prior to installing the hydro cement referenced in Request for Admission 12, Defendant did not provide any noticed to the Plaintiff that Defendant intended on suspending service to the sanitary sewer system at this location.

**RESPONSE:**, Defendant admits that it installed hydro cement as referenced in response to Request for Admission 12 and that Defendant did not provide notice to Plaintiff of the installation of hydro cement. Defendant denies the remaining allegations contained in this Request for Admission.

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

**REQUEST FOR ADMISSION 15:**    Admit that after installing the hydro cement referenced in Request for Admission 12, Defendant did not provide any notice to the Plaintiff that Defendant had suspended service to the sanitary sewer system at this location.

**RESPONSE:** Defendant admits that it installed hydro cement as referenced in response to Request for Admission 12 and that Defendant did not provide notice to Plaintiff of the installation of hydro cement. Defendant denies the remaining allegations contained in this Request for Admission.

**REQUEST FOR ADMISSION 16:**    Admit that Defendant never gave the Plaintiff any opportunity to comply with a suspension of services order.

**RESPONSE:** Objection, the Request for Admission is vague and ambiguous as to what "a suspension of services order" is and it is unclear what Plaintiff is referencing. Defendant deemed diesel flowing throw the manhole in question an emergency. Defendant denies the remaining allegations contained in this Request for Admission.

**REQUEST FOR ADMISSION 17:** Admit that prior to plugging or otherwise terminating any sanitary sewer connection at East Valentine St. and South Pearson Avenue, Defendant did not make a written determination that Plaintiff violated any pretreatment standard or requirement.

**RESPONSE:** Objection, the Request for Admission is vague and ambiguous as to what "a pretreatment standard or requirement" is. Without waiving the foregoing objection, Defendant admits that prior to plugging the pipe into the manhole in question, Defendant did not make any

6

written determinations. Defendant denies the remaining allegations contained in this Request for Admission.

**REQUEST FOR ADMISSION 18:** Admit that Defendant did not serve a written notice of violation upon Plaintiff when it allegedly determined that Plaintiff violated the City Code.

**RESPONSE:** Defendant admits that Defendant has the authority to take any action, including emergency actions or any other enforcement actions, without first issuing a notice of violation. Defendant affirmatively states that per Glendive City Code Section 53.085, Defendant is not required to provide written notice of violation. Defendant admits that Defendant did not serve a written notice of violation upon Plaintiff prior to deeming diesel flowing throw the manhole in question an emergency. Defendant denies the remaining allegations contained in this Request for Admission.

**REQUEST FOR ADMISSION 19:** Admit that Defendant did not serve a written notice of violation upon Plaintiff when it allegedly determined that Plaintiff violated a pretreatment standard or requirement.

**RESPONSE:** Objection, this Request for Admission is vague and ambiguous as to "pretreatment standard or requirement." Without waiving the foregoing objection, Defendant admits that Defendant has the authority to take any action, including emergency actions or any other enforcement actions, without first issuing a notice of violation. Defendant affirmatively states that per Glendive City Code Section 53.085, Defendant is not required to provide written notice of violation. Defendant admits that Defendant did not serve a written notice of violation

7

upon Plaintiff prior to deeming diesel flowing throw a manhole in question an emergency. Defendant denies the remaining allegations contained in this Request for Admission.

**REQUEST FOR ADMISSION 20**: Admit that Defendant did not make a formal determination that filling the manhole at the intersection of South Pearson Avenue and East Valentine Street with cement was an "emergency action" that allowed it to forgo issuing a Notice of Violation to Plaintiff pursuant to Section 10-2A-8-1 (now Section 53.085) of the City Code.

**RESPONSE**: Deny. Defendant affirmatively states that per Glendive City Code Section 53.085, Defendant is not required to provide written notice of violation.

**REQUEST FOR ADMISSION 21**: Admit that Defendant did not provide Plaintiff with a notice of suspension of service pursuant to Section 10-2A-8-2 (now Section 53.086) of the City Code before filling the manhole located at the intersection of South Pearson Avenue and East Valentine Street with cement.

**RESPONSE**: Defendant objects to this request on the basis it calls for a legal conclusion. Without waiving the foregoing objection, Defendant Admits that the City Code speaks for itself. Defendant affirmatively states that per Glendive City Code Section 53.086, Defendant is not required to provide written notice of suspension of services. Defendant denies the remaining allegations contained in this Request for Admission.

**REQUEST FOR ADMISSION 22**: Admit Defendant did not know prior to filling the manhole located at the intersection of South Pearson Avenue and East Valentine Street with

8

**REQUEST FOR ADMISSION 28:** Defendant does not contend that its non-compliance with its DEQ permit was due to any alleged action or omission by Plaintiff.

**RESPONSE:** Defendant objects to the extent this Request for Admission calls for a legal conclusion. Without waiving the foregoing objection, Defendant admits the DEQ permit speaks for itself. Defendant denies the remaining allegations contained in this Request for Admission.

**REQUEST FOR ADMISSION 29:** Defendant did not follow the procedures set forth in Sections 10-2A-8-1, 10-2A-8-2, and 10-2A-8-3 (now Sections 53.085, 53.086, and 53.087) of the City Code before installing a temporary plug on the pipe.

**RESPONSE:** Defendant objects to the extent this Request for Admission calls for a legal conclusion. Without waiving the foregoing objection, Deny.

**REQUEST FOR ADMISSION 30:** Defendant did not notify Plaintiff that it was "monitoring and inspecting [Plaintiff's] property," as it states in its answer to Plaintiff's Interrogatory 2.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION 31:** Defendant had allowed Plaintiff to discharge wastewater into the Defendant's municipal wastewater system from approximately 1980 to 2021.

MOULTON BELLINGHAM PC
ATTORNEYS AT LAW

**RESPONSE:** Defendant admits that Plaintiff had an Industrial Wastewater Discharge Agreement with Defendant until 2021 and that the Agreement speaks for itself. Defendant denies the remaining allegations contained in this Request for Admission.

**REQUEST FOR ADMISSION 32:** Defendant authorized Plaintiff to begin discharging wastewater into the Defendant's municipal wastewater system again in April 2023.

**RESPONSE:** Deny.

**REQUEST FOR ADMISSION 33:** Defendant never contacted Plaintiff in writing or verbally to raise concerns regarding Plaintiff's access to sewer services prior to pouring cement into the manhole located at the intersection of South Pearson Avenue and East Valentine Street.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION 34:** Admit that on or about May or June 2024, a contractor or consultant on a City improvement project crushed or damaged the Plaintiff's sewer pipeline leading to the manhole located at the intersection of South Pearson Avenue and East Valentine Street, which released material from the pipe to the ground.

**RESPONSE:** Defendant admits that on or about May or June 2024, a contractor or consultant on a City improvement project crushed or damaged a pipeline that was not on any map that the City had and the City was unaware of the pipeline's location. Defendant denies the remaining allegations contained in this Request for Admission.